IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| JAMES A. HAMMEL, ) | |
| ) | No. 2:12-cv-02932-DCN |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| UNITED STATES DEPARTMENT OF ) | |
| JUSTICE, DRUG ENFORCEMENT ) | |
| ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This action is brought under the Civil Asset Forfeiture Reform Act of 2000 for relief from civil forfeiture. Plaintiff argues that a declaration of forfeiture should be set aside because notice of the forfeiture was not sufficient under the statute. Defendant filed a motion to dismiss and/or for summary judgment. For the reasons set forth below, the court grants the motion for summary judgment.

## I.  BACKGROUND

Plaintiff James A. Hammel filed a complaint in this court on October 10, 2012. Defendant filed a motion for summary judgment on January 8, 2013.

In his complaint, Hammel alleges that on or about December 11, 2009, he was driving an automobile on I-95 in Manning, South Carolina when he was stopped by Trooper Steve English of the South Carolina Highway Patrol.[1]  Compl. ¶ 6; Pl.'s Resp.

---

[1] The government states, "During the morning hours of December 11, 2009, Trooper English was on patrol in the southbound lanes of [I-95] in Clarendon County, South Carolina. At approximately 8:30 a.m., Trooper English observed a 2009 grey Nissan, bearing Florida registration 652LHJ, cross over the solid yellow line on the median side of I-95 several times, in violation of South Carolina law.  Based upon the observed violation, Trooper English conducted a traffic stop near mile marker 112." Def.'s Mem. Supp. Mot. Summ. J. 3.

1

Opp. 1.  A canine sniff alerted to the odor of chemicals associated with illegal drugs in the vehicle.  Def.'s Mem. Supp. Mot. Summ. J. 4-5.  A search of Hammel's vehicle revealed $135,200 in United States currency, which was seized by state officers and later taken into custody by the United States Drug Enforcement Administration (DEA). Compl. ¶ 6; Pl.'s Resp. Opp. 2.  The search also produced approximately 500-600 yellow tablets of Hydrocodone.  Def.'s Mem. Supp. Mot. Summ. J. 4.  Hammel showed Trooper English a driver's license that listed his address as 429 Star Street, East Meadow, NY 11554.[2]

Hammel was arrested and charged with unlawful possession of prescription drugs in the Third Judicial Circuit for Clarendon County.[3]  Compl. ¶ 7.  According to the government, while at the Clarendon County Detention Center, DEA Task Force Officer Michael Laird informed Hammel that the currency was being seized for forfeiture. Hammel allegedly signed the envelope that sealed the currency and was shown a DEA 12 form showing DEA's receipt of the currency.  Def.'s Mem. Supp. Mot. Summ. J. 5-6. Officer Laird also allegedly informed Hammel that he would be sending a letter advising Hammel of steps he could take to contest the forfeiture.  Id. at 6.

In January 2010, the government initiated civil forfeiture proceedings against the $135,200 in United States currency.  On January 4, 2010, the government sent notice of the forfeiture by certified mail to 429 Star Street, East Meadow, NY 11554, the address listed on Hammel's driver's license.  This notice was returned as "unclaimed." Defendant then published notice of the seizure in The Wall Street Journal once weekly

---

[2] Hammel admits he is a New York resident and was so at the time of his arrest in South Carolina. Pl.'s Resp. Opp. 1.

[3] The state subsequently dismissed the drug charges.  Compl. ¶ 8.

for the weeks of January 19, January 25, and February 1, 2010. Next, on February 19, 2010, defendant mailed a second notice, this time by first class mail, to 429 Star Street, East Meadow, NY 11554. This notice was not returned. Defendant also sent notices by certified mail to 420 Star Street, East Meadow, NY 11554, and 2011 N. Ocean Boulevard, Apt. 702, Fort Lauderdale, FL 33305-3757, both of which were returned as "unable to forward."

A declaration of forfeiture was entered on May 27, 2010. According to plaintiff, he did not receive "any notice of the forfeiture proceedings or the declaration of forfeiture until September, 2011." Compl. ¶ 10.

Hammel had been represented by Attorney Patrick M. Killen during his state court criminal proceedings. Id. ¶ 11. On December 31, 2009, prior to the mailing of forfeiture notices and the declaration of forfeiture, Attorney Killen advised the government by letter of his representation of Hammel in the criminal case. Id.; Pl.'s Resp. Opp. 2-3. The government failed to provide notice to Mr. Killen of the forfeiture proceedings, even after the forfeiture proceedings had commenced. Compl. ¶ 14. Plaintiff complains that Officer Laird spoke on the phone with Attorney Killen on January 7, 2010—three days after the first notice of forfeiture was mail—yet failed to inform him that the government had initiated forfeiture proceedings against his client. For this reason, Hammel contends the government did not provide legally sufficient notice of the forfeiture.

## II.  STANDARD[4]

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Id.  At the summary judgment stage, the court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor.  Id. at 255.

## III.  DISCUSSION

Under 19 U.S.C. § 1607, properly worth less than $500,000 is subject to forfeiture without judicial involvement.  The government must publish notice of its intent to forfeit the property once a week for three consecutive weeks and send written notice to any party known to have an interest in the property.  19 U.S.C. § 1607(a).  When property is seized by a local law enforcement officer and then turned over to a federal law enforcement agency, notice shall be sent to the interested party within 90 days of the date of seizure by the local law enforcement agency.  18 U.S.C. § 983(a)(1)(A)(iv).

The Civil Asset Forfeiture Reform Act of 2000, codified in part at 18 U.S.C. § 983, governs federal nonjudicial forfeiture actions initiated after August 23, 2000.  Subsection 983(e) provides the exclusive remedy for seeking to set aside a declaration of

---

[4] Because matter outside of the pleadings in the form of affidavits has been presented by both parties, the court construes defendant's motion as one for summary judgment.  See Fed. R. Civ. P. 12(d).

4

forfeiture under a civil forfeiture statute.  See Mesa Valderrama v. United States, 417 F.3d 1189, 1195 (11th Cir. 2005).  This subsection provides in part:

> (1) Any person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property, which motion shall be granted if-
>
> > (A) the Government knew, or reasonably should have known, of the moving party's interest **and failed to take reasonable steps to provide such party with notice**; *and*
> >
> > (B) the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim.

18 U.S.C. § 983(e) (emphasis added).

The central question in this case is whether the government took "reasonable steps" under § 983(e)(1)(A) to provide Hammel with the requisite notice.  "The notice of forfeiture must satisfy constitutional due process."  United States v. Talouzi, No. 11-74, 2012 WL 4514204, at *2 (S.D. W. Va. Oct. 2, 2012).  "Due process does not require that a property owner receive actual notice before the government may take his property."  Jones v. Flowers, 547 U.S. 220, 226 (2006).  Instead, it requires notice "'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'"  Dusenbery v. United States, 534 U.S. 161, 170-71 (2002) (quoting Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314-15 (1950)); United States v. Allen, 238 F.3d 415, 2000 WL 1699836, at *1 (4th Cir. Nov. 14, 2000) (question is not whether party received actual notice but "rather whether the procedures utilized by the Government were reliable").  "[H]eroic efforts" are not required, only "reasonable" ones.  Dusenberry, 534 U.S. at 170.  The government bears the burden to show adequate notice.  See id. at 168.

5

Courts have held that once an initial notice is returned, the government can take sufficient additional action by sending a notice of forfeiture to a defendant's counsel of record in ongoing criminal proceedings. See Talouzi, 2012 WL 4514204, at *3. This is the method that Hammel believes should have been carried out in this case. However, that is not the *only* means of achieving sufficient notice under the statute when an initial notice is returned. "The notice does not have to actually be received as long as it is 'reasonably calculated' to provide proper notice." Marshall v. United States, No. 09-314, 2010 WL 5678675, at *2 (W.D.N.C. Oct. 26, 2010), R&R adopted, 2011 WL 344125 (W.D.N.C. Feb. 1, 2011). "There is relevant case law . . . concluding that multiple address searches, combined with mailings to the found addresses and publication in a newspaper of general publication is normally notice that is 'reasonably calculated' to reach an interested party and that satisfies the requirements of the due process clause." Muhammad v. United States, No. 08-256, 2010 WL 5842438, at *3 (W.D.N.C. Feb. 12, 2010) (citing United States v. Robinson, 434 F.3d 357, 467 (5th Cir. 2005)).

Here, the government sent a second notice to the New York address listed on Hammel's driver's license that was not returned. In addition, the government published notice in The Wall Street Journal for three consecutive weeks. The court finds that the government took reasonable steps to provide Hammel with notice, as the notice was reasonably calculated to reach Hammel. See Weigner v. New York, 852 F.2d 646, 651 (2d Cir. 1988) (noting that "particularly where mailing is supplemented by other forms of notice such as posting or publication, the risk of non-receipt is constitutionally acceptable"); Whitaker v. United States, No. 09-193, 2009 WL 3103736, at *2 (W.D.N.C. Sept. 23, 2009) ("Defendants have produced evidence showing that the DEA

took 'reasonable steps to provide [plaintiff] with notice,' as required by the statute. . . . The DEA sent notice to Plaintiff at two known addresses and subsequently gave notice by publication in The Wall Street Journal, a national news publication, over the course of three weeks."); Folks v. U.S. DEA, No. 05-389, 2006 WL 3096687, at *2 (W.D.N.C. Oct. 25, 2006) (finding notice sufficient when, after notice sent to only address DEA had on file went "unclaimed," the DEA gave notice by publication in The Wall Street Journal over the course of three weeks).

Because the government complied with the statute, the court will not set aside the declaration of forfeiture.[5]

## IV.   CONCLUSION

Based on the foregoing, the court **GRANTS** summary judgment in favor of defendant.

**AND IT IS SO ORDERED**.

DAVID C. NORTON
UNITED STATES DISTRICT JUDGE

**April 3, 2013
Charleston, South Carolina**

---

[5] Even if Hammel could satisfy the first prong of § 983(e)(1), he likely could not demonstrate, under § 983(e)(1)(B), that he "did not know or have reason to know of the seizure within sufficient time to file a timely claim." The evidence shows that Hammel had knowledge of the seizure at the time it happened because the money was taken from his vehicle in his presence. Cf. United States v. Russell, No. 04-150, 2006 WL 2786883, at *3 (M.D. Ala. Sept. 27, 2006) (holding that because claimant "appears to have known of the seizure on the date it occurred . . . the court cannot conclude that the requirements of 18 U.S.C. § 983(e)(1) have been met").